I respectfully dissent.
I do not believe that the Ohio Bureau of Workers' Compensation ("BWC") should be rewarded and an innocent widow should be penalized because the BWC fails to process an application for settlement in anything like a reasonable period of time. On May 21, 1997, an application requesting approval of a final settlement, signed by both the employer and the claimant, was filed with the BWC. Almost eight months later, the claimant died, but the BWC had not gotten around to approving or disapproving the settlement. However, less than ten days after Mr. Johnston died and less than a week after the BWC was informed of the death, the BWC issued a finding that the settlement was being refused due to the death of the claimant, Mr. Johnston.
I believe we need to engraft an exception onto the legal provisions which call for abatement of a workers' compensation claim. The exception I propose would nullify the abatement requirement in those circumstances where the BWC and/or the Industrial Commission fail to process an agreed application for settlement within a reasonable time frame. Our failure to engraft the exception here rewards the BWC for being inept at best and punishes the innocent family of a person who was seriously injured on the job.
I regret that the majority of this panel is unwilling to take this step to assure justice for the family of James E. Johnston. I sincerely hope the Supreme Court of Ohio will not be reticent to take this necessary step.
Again, I respectfully dissent.